UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CRYSTAL O.,

                Plaintiff,

    v.

KILOLO KIJAKAZI, PH.D., ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendants.

Case No. 3:20-cv-06011-TLF

ORDER

      Plaintiff has brought this matter for judicial review of the Social Security Administration's denial of her application for supplemental security income ("SSI") benefits.

      The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred, and the ALJ's decision is reversed and remanded for an award of benefits.

                I.    <u>ISSUES FOR REVIEW</u>

1. Did the ALJ err in assessing the medical opinion evidence?
2. Did the ALJ err in evaluating plaintiff's statements about severity of symptoms?
3. Did the ALJ err when considering the lay witness evidence?

ORDER - 1

## II.   BACKGROUND

On February 21, 2017, Plaintiff filed an application for SSI; she alleges a disability onset date of February 21, 2017. AR 21. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 124-129. A hearing was held before Administrative Law Judge Rebecca Jones ("ALJ") on February 28, 2019 and (supplemental hearing) on August 6, 2019. AR 40-84, 88-99. On September 16, 2019, the ALJ issued a written decision finding that Plaintiff was not disabled. AR 21-32. The Social Security Appeals Council denied Plaintiff's request for review. AR 1-6.

Plaintiff seeks judicial review of the ALJ's September 16, 2019 decision. Dkt. 15.

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.   DISCUSSION

In this case, the ALJ applied the five-step evaluation and found that Plaintiff had the severe, medically determinable impairments of post-traumatic stress disorder (PTSD), and generalized anxiety disorder. AR 23. The ALJ also found that Plaintiff had a non-severe impairment of uterine fibroids. AR 24.

ORDER - 2

Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could not perform past work, but could perform future work, certain jobs (semi-conductor, production line solder, and industrial cleaner) involving unskilled work at all exertional levels with work-related mental limitations. AR 31. The ALJ determined at step five that Plaintiff was not disabled. AR 30-31.

### A. Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff contends that the ALJ erred in evaluating medical opinion evidence from Tasmyn Bowes, Ph.D., Terilee Wingate, PhD., William R. Wilkinson, Ed.D., and William Kamens, M.D. Dkt. 14 at 4-11.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

A finding that a claimant's impairments are successfully managed with treatment can serve as a clear and convincing reason for discounting a claimant's testimony. *See* 20 C.F.R. § 416.929(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878

F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability).

The Social Security Administration must set forth the reasoning behind its decisions in a way that allows for meaningful review, and the ALJ must build an accurate and logical bridge from the evidence to their conclusions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (observing that an ALJ must give a "clear statement of the agency's reasoning"); *see also Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (An ALJ errs when he or she "merely states" that facts "point toward an adverse conclusion" yet "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects."); *Garrison v. Colvin*, 759 F.3d 995, 1017-18 (2014) (finding that the ALJ erred by improperly singling out a few periods of temporary well-being from a sustained period of impairment and relied on those instances to discredit a claimant); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir.2007) (The Court must consider the entire record as a whole, weighing both the evidence that supports and detracts from the Commissioner's finding, and may not affirm simply by isolating a specific quantum of supporting evidence."); *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report.").

**Tasmyn Bowes, Ph.D.**

Dr. Bowes evaluated plaintiff on December 16, 2015. AR 405-415. The date of onset is alleged to be February 21, 2017, therefore the evaluation of Dr. Bowes was properly discounted by the ALJ as being quite remote. AR 29. *See Carmickle v. Comm'r*

ORDER - 4

1  *Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate
2  the alleged onset of disability are of limited relevance.").

**Terilee Wingate, PhD.**

Dr. Wingate evaluated plaintiff on October 27, 2016. AR 364-371. Plaintiff contends Dr. Wingate's evaluation was closer to the time of the alleged onset, and would be of greater relevance for that reason. Dkt. 14 at 3-4. Dr. Wingate diagnosed plaintiff with major depressive disorder (chronic) moderate, and panic disorder. AR 365-366. Dr. Wingate gave an opinion that plaintiff was markedly limited in the ability to complete a normal workday and work week without interruptions from psychologically-based symptoms. AR 366.

The ALJ stated that Dr. Wingate's opinion was not weighed, because it was based on an evaluation from before the alleged onset date. AR 29. This was error; the alleged onset date was only four months after the date of this evaluation and opinion, therefore it had some amount of relevance and should have been considered.

**William R. Wilkinson, Ed.D.**

Dr. Wilkinson evaluated plaintiff on October 1, 2018. AR 449-455. Plaintiff asserts the ALJ erred by discounting Dr. Wilkinson's opinions, based on the ALJ's assessment that Dr. Wilkinson's opinion was inconsistent with examination findings, and inconsistent with longitudinal medical evidence. Dkt. 14 at 5.

The ALJ's decision discounting Dr. Wilkinson's opinion is not supported by substantial evidence. Dr. Wilkinson made clinical findings that plaintiff experienced panic attacks and agoraphobia aspects, she was shaky and scared, missed

ORDER - 5

appointments, and avoided people. Based on clinical observations, Dr. Wilkinson found plaintiff was markedly impaired in these categories: ability to perform activities within a schedule; maintain regular attendance, and punctuality; maintain appropriate work behavior; and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 449-451. Therefore, Dr. Wilkinson's opinions (concerning plaintiff's marked work-related limitations) are consistent with the clinical assessment (panic attacks, agoraphobia, being frightened and shaky, missing appointments, and avoiding people).

Regarding the longitudinal evidence of plaintiff's mental health conditions, the record shows that plaintiff had been reporting symptoms of panic and anxiety to medical professionals beginning in December 2015. AR 424 (record dated 12-21-2015, from Sea Mar office visit, appointment where plaintiff indicated she had been experiencing anxiety symptoms for ten months and symptoms were getting worse). Reviewing the records of plaintiff's mental illness, reviewing doctor, Luci Carstens, Ph.D., made an assessment that plaintiff was suffering from depression and panic disorder; in Dr. Carstens' October 28, 2016 assessment, she stated that a 12-month duration should be considered, and she found an onset date of December 16, 2015 was consistent with the medical record. AR 416-417.

As discussed above, Dr. Wingate found that plaintiff suffered from marked work-related limitations as a result of depression and anxiety, during 2016. AR 364-366, 405. On August 18, 2016, plaintiff was evaluated by Dr. Mark A. Wentworth, and was found to have anxiety and depression; Dr. Wentworth made a referral for plaintiff to obtain mental/behavior health treatment. AR 425. In 2017 and 2018, leading up to Dr.

ORDER - 6

Wilkinson's evaluation of plaintiff in October 2018, mental health professionals Kimberly Stickney, ARNP and Francesca Pearson, MA, MHP, AAC, provided evaluation and treatment at SeaMar for plaintiff's panic attacks, anxiety, and depression, between 12-21-2015 and 4-15-2019. AR 379, 424, 484, 489-491 (mental illness of extreme severity, and mental functioning "poor to none" found in early 2019), 495-495, 577. Because the longitudinal evidence supports Dr. Wilkinson's evaluation and opinions, the ALJ's decision to discount Dr. Wilkinson's opinions is not supported by substantial evidence.

**William Kamens, M.D.**

Dr. Kamens evaluated plaintiff on April 7, 2019. AR 568-574. Plaintiff contends the ALJ erred because substantial evidence did not support the ALJ's reasons for discounting Dr. Kamens' opinions. Dkt. 14 at 7.

The ALJ found that Dr. Kamens opinions were not supported, because he used the terms "poor" and "fair". The ALJ also stated that plaintiff's self-reports and a mental status examination were not sufficient basis for Dr. Kamens' opinion. AR 29.

Dr. Kamens, a psychiatrist, determined that a number of categories of plaintiff's work-related functioning were "poor", based on his evaluation. AR 568-574. Although the term "fair" might be open to interpretation, the word "poor" would be an obviously negative rating. Dr. Kamens rated plaintiff's ability to accomplish detailed and complex tasks as poor, and also rated her ability to keep pace, keep regular attendance, and maintain a normal workday without interruptions, as poor. AR 574. The word "poor" is not an ambiguous rating. Dr. Kamens provided his findings, and conducted an in-person evaluation. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir.

ORDER - 7

2017) (a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report.").

As discussed above, the record reflects that Dr. Kamens had a sufficient basis for making a rating of "poor", and the ALJ's reasoning for discounting Dr. Kamens opinions is not supported by substantial evidence.

B. <u>Whether the ALJ erred in evaluating lay witness testimony</u>

**Francesca Pearson, MA, MHP, AAC**

Plaintiff contends that the ALJ erred in evaluating opinions from Plaintiff's mental health treatment provider, Francesca Pearson, MA, MHP, AAC. Dkt. 14 at 7-9. Plaintiff also contends the Appeals Council erred by failing to consider an October 3, 2019 opinion by Ms. Pearson. Dkt. 14 at 9-11.

When evaluating opinions from non-acceptable medical sources such as a licensed mental health therapist, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. § 404.1502. The most recent opinion from a treating source is important evidence. *See generally, Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) ("A treating physician's most recent medical reports are highly probative.").

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236

ORDER - 8

F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

When evidence is presented to the Appeals Council, after the ALJ's decision, the Court considers the new evidence in reviewing whether there is substantial evidence to support the Commissioner's decision. *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1162-1164 (9th Cir. 2012).

Ms. Pearson was not a physician, but as a mental health professional, she was a primary provider of psychological services. AR 388-389, 464-465, 489-490. The ALJ gave little weight to her opinions because the explanations in her opinions were not detailed, and Ms. Pearson did not make progress notes with specific observations based on clinical evidence. AR 29. These are germane reasons, and the reasons are supported by substantial evidence (although there are some medical records that support Ms. Pearson's opinions, there are others that are inconsistent, or do not contain supporting documentation, with her opinions).

With respect to the 2019 letter opinion (AR 17) provided by Ms. Pearson to the Appeals Council, in this letter Ms. Pearson provides more detail and thus addresses the concerns expressed by the ALJ's reasoning (described above). Ms. Pearson states that she observed behavioral affects and cognitive function impairments, such as "difficulty recalling what was previously discussed and difficulty with immediate recall (broken

train of thoughts. . .), shortness a breath, crying episodes, anxious, stammering, panic attacks/fear from having to drive to get to her appointment, mentally and physically appearing exhausted dur to reported sleep interruptions of insomnia, night terrors, restlessness. . ." AR 17. Ms. Pearson opines that plaintiff "would be unable to maintain work attendance such as showing up to work or complete a work shift." *Id.*

The ALJ did not ask any hypothetical questions of the vocational expert regarding inability to come to work, or inability to complete a work shift. AR 77-82. Counsel for plaintiff asked a question of the vocational expert about inability to come to work (the vocational expert responded that most employers would tolerate about eight to ten unexcused absences per year) but did not ask about inability to complete a shift. AR 82. The RFC does not include any limitations concerning absence from work, or inability to complete a work shift. AR 25-26. Therefore, the new evidence requires consideration by the Commissioner because it is not cumulative, and failure to consider the evidence cannot be harmless; the ALJ's determination is not supported by substantial evidence. *Brewes v. Commissioner of Social Sec. Admin.,* 682 F.3d 1157, 1162-1164 (9th Cir. 2012).

C. Additional issues.

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discounting her symptom testimony. Dkt. 14 at 11-16. Plaintiff also alleges the ALJ erred by failing to properly consider law witness testimony by Mr. Begle. Dkt. 14 at 16-17. And, plaintiff argues the RFC is deficient, because the errors of the ALJ resulted in an incomplete assessment of residual functional capacity. Dkt. 14 at 17-19.

Because the Court has concluded that a remand for additional proceedings will be required, these issues will not be addressed. The re-evaluation of medical evidence, and assessment of the 2019 lay witness evidence from Ms. Pearson, may affect the ALJ's assessment of plaintiff's testimony and the RFC.

The ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). To the extent that an ALJ accepts a physician's opinion, he or she must incorporate the limitations contained in that opinion into the RFC. *See Magallanes v. Bowen,* 881 F.2d 747, 756 (9th Cir. 1989). When the RFC is incomplete, the hypothetical question presented to the vocational expert at step five is also incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

On remand the ALJ must re-evaluate the medical opinions of the doctors discussed above, and lay witness opinion evidence submitted by Ms. Pearson. The ALJ will then need to re-assess plaintiff's symptom testimony. Therefore, the RFC will also be re-evaluated on remand.

<u>Harmless error.</u>

"[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). In this case, the errors identified are not harmless. Each of these errors would potentially affect the determination of plaintiff's RFC; the limitations included, or excluded, from the

hypothetical posed to the vocational expert; and the decision of whether plaintiff meets the criteria by which the Commissioner evaluates allegations and evidence of disability.

### D. Remand for an Award of Benefits

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 14, at 18-19. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).

If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

In this situation, the Court cannot say there is no useful purpose to be served by further proceedings. The ALJ would need to re-assess the medical evidence, and the 2019 opinion of Ms. Pearson, and will also be required to re-evaluate plaintiff's testimony about her symptoms and work-related limitations, along with any additional evidence that would be relevant to the issues, and then re-evaluate whether plaintiff is disabled.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Under this criteria, the Court has determined the record is not fully developed, because the ALJ has not properly considered all the medical evidence, and there may be additional evidence that would clarify the specific work-related limitations that plaintiff may have.

## CONCLUSION

Based on the foregoing discussion, the defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED.

The Commissioner shall, on remand, provide plaintiff with a de novo hearing, re-evaluate the medical evidence, consider the 2019 opinion of Ms. Pearson, re-evaluate plaintiff's statements about her symptoms and work-related limitations, and re-consider lay witness evidence; additional evidence may be taken as necessary to fully develop and clarify the record.

Dated this 29th day of November, 2021.

Theresa L. Fricke
United States Magistrate Judge